IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MOTIS ENERGY, LLC, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:17-0962 |
| § | | |
| SWN PRODUCTION COMPANY, § | | |
| LLC, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER ON COSTS

Before the Court in this breach of contract lawsuit is Defendant SWN Production Company, LLC's ("SWN") Bill of Costs [Doc. # 133]. Plaintiff Motis Energy, LLC ("Motis") filed Objections,[1] and SWN replied.[2] The matter is ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant

---

[1] Plaintiff Motis Energy LLC's Objections to Defendant SWN Production Company, LLC's Bill of Costs ("Objections") [Doc. # 137]. Motis filed its objections 21 days after SWN filed its Bill of Costs. Under the Local Rules of the Southern District of Texas, a party must file its objections within seven days of the bill of costs' filing. *See* S.D. TEX. LOCAL R. 54.2. "[A] district court's application of its local rules is reviewed for abuse of discretion." *See United States v. Moreno*, 857 F.3d 723, 726 (5th Cir. 2017). Time limits set by local rules are not "jurisdictional" and district courts have discretion over whether to apply them strictly. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990). Based on this discretion, the Court determines it is appropriate to consider the merits of Motis's untimely Objections.

[2] Defendant SWN Production Company, LLC's Reply in Support of Its Bill of Costs ("Reply") [Doc. # 138].

legal authority, SWN's Bill of Costs is **granted in large part** and Motis's Objections are **overruled in large part**.

## I. BACKGROUND

On January 31, 2019, the Jury in this case returned a verdict in favor of SWN.[3] Based on that verdict, the Court entered judgment in favor of SWN and adjudged that Motis take nothing on its claims.[4] SWN seeks $42,050.91 in taxable costs as the prevailing party[5] under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.[6] Motis objects to SWN's various requested costs.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, [the federal] rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." A district court, however, "may only award those costs articulated in [28 U.S.C. §] 1920 absent explicit statutory or

---

[3] Verdict Form [Doc. # 132].

[4] Final Judgment [Doc. # 126].

[5] Motis contends SWN is not a prevailing party. This argument is unpersuasive and was comprehensively addressed in the Court's Memorandum and Order on Attorney Fees [Doc. # 143], granting in large part SWN's Motion for Attorney's Fees.

[6] SWN originally requested $44,239.37 in costs, but has amended its request downward by $2,188.46, for a total of $42,050.91.

contractual authorization to the contrary." *See Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

Under 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. *See* 28 U.S.C. § 1920. The Court is to give "careful scrutiny" to the items proposed by the prevailing party. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995). A district court has broad discretion in determining the appropriateness of an award of costs. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000).

### III. DISCUSSION

#### A. Deposition Costs

Motis contends that the Court should not award SWN costs for rough drafts of deposition transcripts and expedited delivery of deposition transcripts with respect to three witnesses: Joseph Caschera, Kenneth Higley, and Jeffrey Leri. Motis contends that there were no pressing circumstances when Caschera's and

Higley's depositions were taken in June 2018 and when Leri's deposition was taken in August 2018 that compelled a rapid turnaround.

The Court is unpersuaded. Expedited transcripts are taxable as costs if "the special character of the litigation necessitates expedited receipt of the transcript." *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). SWN establishes that the character of this litigation necessitated the expedited delivery of Caschera's, Higley's, and Leri's deposition transcripts.

Caschera's and Higley's depositions were taken during a five-day stretch.[7] Because these witnesses were outside the subpoena power of the Court, their deposition testimony had to be elicited for trial purposes in case the witnesses were not available at trial. The expedited transcripts and rough drafts were accordingly required for adequate trial preparation, as SWN's counsel needed to review the testimony of each witness in preparation for questioning the following witnesses. Moreover, at the time the expedited transcripts were ordered, the parties' motions deadline was July 2, 2018, just weeks away.[8] Similarly, Leri's deposition

---

[7] Declaration of Marc Tabolsky in Support of Motion for Attorneys Fees ("Tabolsky's Declaration") [Doc. # 134-2], ¶ 8.

[8] Order dated April 23, 2018 [Doc. # 39].

testimony on August 29, 2018, was integrated into SWN's September 7, 2018, response to Motis's partial motion for summary judgment.[9]

Motis next objects to the assessment of costs for the videotaped depositions of Daniel Klingerman and Joseph Caschera. Motis contends ordering videotaped depositions was unnecessary because Motis presented Klingerman and Caschera to testify at trial.

The Court is unpersuaded by Motis's objection. Klingerman and Caschera, as residents of Pennsylvania, were outside the subpoena power of the Court. SWN could not assume that Klingerman or Caschera would attend trial. Indeed, no trial date had been set when the depositions were taken. SWN was reasonable in obtaining video depositions of these two witnesses as necessary to prepare for trial. *See Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499, 502 (D. Kan. 1994) ("[I]n the absence of actual use, the prevailing party must show that the facts known when the deposition was taken made it appear reasonably necessary to record the deposition on videotape."). *Cf. Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 791 (N.D. Tex. 2014) ("Given the nature of this litigation and the possibility that individual defendants might not appear at trial or be within the Court's subpoena power, the undersigned finds that Plaintiffs reasonably expected, at the time the

---

[9] Deposition of Jeffrey Leri [Doc. # 67-4].

depositions were taken, that Plambeck, Capobianco, Giessner, and Grindstaff might not be available to testify and that the video deposition would be used at trial. Accordingly, these videotaped depositions were necessarily obtained for use in the case."). Motis's objections to SWN's deposition costs are **overruled**.

B.  **Private Process Server**

Motis objects to the taxation of $230 in costs for the use of an expedited private process server in serving a subpoena on Kenneth Higley. In this circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam). SWN demonstrates that exceptional circumstances warrant the cost of private process server to serve a subpoena on Higley. Higley did not respond to SWN's original subpoena after having been served. While the use of a private process server was warranted based on these circumstances, the Court determines that there was no need to expedite the request. SWN sought expedited service on April 4, 2018, for an April 6, 2018 deposition. In fact, however Higley's deposition was not actually taken until June 14, 2018. Accordingly, Motis's objection to the expedited private process server is **sustained in part** and the Court will **award** SWN $150 in costs for the private process server and will strike the $80 expedited basis fee.

### C. Transcript of the January 9, 2019, Evidentiary Hearing

Motis objects to the taxation of the $630.50 fee for an expedited transcript of the January 9, 2019, evidentiary hearing where Joseph Caschera testified about his damage model and spreadsheets that he had created and on which Motis relied for its proof of damages. Motis contends that SWN had no need for the transcript because only Motis faced a post-hearing briefing deadline. This argument is rejected. SWN needed to prepare an adequate response to whatever post-hearing briefing Motis submitted. Moreover, SWN obtained the expedited transcript to aid it at trial so it could review Cashcera's sworn testimony and prepare objections. This objection is **overruled**.

### D. Costs of Preparing Hearing and Trial Exhibit Binders

Motis objects to the taxation of costs for binders, tabs, and folders. SWN has amended its Bill of Costs by subtracting $2,188, the total costs for these tabs, binders, and files. This objection is **overruled as moot**.

Motis next objects to the taxation of costs based on Powerhouse Invoices # 2396 for $4,285.72. Motis contends that this invoice is not taxable because the notation states that it was for "[b]inders" for the Court for the pretrial conference. Motis contends that this charge was unnecessary because the Court would already have these exhibits when the Joint Pretrial Order was filed. Based on the date of the invoice, the Court concludes that invoice was for copies of exhibits made for

the Court prior to Docket Call. The Court used these exhibits at Docket Call and trial. The charges for these copies were necessarily obtained for use in this case. Powerhouse Invoice # 2396 is properly taxable, and this objection is **overruled**.

Motis objects to the taxation of costs based on Powerhouse Invoices # 2441 and 2707 for $134.66 and $7,595.39, respectively. Motis contends Invoice # 2441 should be deducted because it was for copying exhibits for the January 9, 2019, hearing on Motis's damages evidence and produced only for the convenience counsel for SWN. These copies were used at the pretrial evidentiary hearing, were required by the Court, and were necessary. Motis similarly contends that Invoice # 2707, which is for copying charges for exhibit notebooks for witnesses used at trial, should be deducted because it was only for SWN's convenience. Motis revised its damage spreadsheets after Docket Call and before trial. The new exhibit copies were necessary for trial. The copies of the exhibits were used extensively and were necessary for examining witnesses at the hearing and trial. They were not simply for SWN's counsel's personal use or convenience. This objection is **overruled**.

Motis separately objects to taxation of costs based on Powerhouse Invoice # 2707 because it includes charges for 5,457 color copies at the cost of $5,402.43. SWN does not defend the necessity of color copies for its exhibits and the Court will not tax the costs of making color copies. *See Woods v. Deangelo Marine*

8

*Exhaust Inc.,* No. 08-81579-CIV, 2010 WL 4116571, at *12 (S.D. Fla. Sept. 27, 2010) (finding that plaintiffs failure "to show a need for color copies" demonstrated the "the color copies were likely obtained for the mere convenience of counsel"), *report and recommendation adopted*, No. 08-81579-CIV-HURLEY, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010). *Cf. In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 619 (E.D. Pa. 2011) ("The Ajinomoto defendants have not demonstrated the necessity of scanning the remaining documents in color, and plaintiffs are not responsible for paying for defendants' 'glitz.'"). This objection is **sustained**, and the Court will reduce SWN's taxable costs by $4,856.73 to award only the standard cost of making black-and-white copies.[10]

IV. **CONCLUSION AND ORDER**

The vast majority of costs SWN requests are properly taxable. It is therefore

**ORDERED** that Plaintiff Motis's Objections to Defendant SWN's Bill of Costs [Doc. # 137] is **SUSTAINED in part and OVERRULED in major part**. It is further

---

[10] "[M]ost courts find the rate of $.10 to $.15 per black and white copy to be appropriate." *See Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc.*, No. 08-6304 WJM, 2013 WL 1876441, at *11 (D.N.J. Apr. 18, 2013) (citing *Interfaith Cmty. Org. v. Honeywell, Int'l*, 426 F.3d 694, 717 (3d Cir. 2005)).

9

**ORDERED** that Defendant SWN's Bill of Costs [Doc. # 133], as downwardly revised, is **GRANTED in major part**, and Defendant SWN is **awarded** $37,114.18 in taxable costs.

SIGNED at Houston, Texas, this 19<u>th</u> day of **June, 2019.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE